We'll turn the argument next in number 22 702 Martinez vs. City of Stamford Mr. Buchi, whenever you are ready May it please the court my name is Thomas Busey. I represent Felix Martinez The appellant in this matter The Felix Martinez has taken this appeal from the District Court of the District of Connecticut's ruling that his case in Which he claims he was not promoted to the position of sergeant in the Stamford Police Department Was The judge entered summary judgment on that and it's his claim that the case Should have gone to a jury on the issue as to whether race Motivated the decision There was no evidence the judge found there was no evidence of pretext or discrimination How could it have gone to a jury? Because the reasons advanced by the defendant for not promoting Mr. Martinez to the position of sergeant could be viewed by a jury as being pretextual Do you agree with that characterization that you don't have direct evidence of discrimination, right? You don't have anybody on the record You know saying that it was a race Well, there's there is no record for instance of the reasons he was not selected There is no record of the reasons that two white candidates were selected over The resumes are in the record but the chief's recommendations the reasons for the Writing No, they were not Well, that's what I'm saying, there's no record of the reasons for I Think if you view Right what shows it is that the there have not been clear and Precise or distinct reasons advanced why Officer Milango was better qualified than the plaintiffs. There's just nothing in there Yes, but when the commissioners were Deposed and when the chief was deposed they couldn't explain one reason why Milango was selected over Martinez. They just based it on or the chief's recommendation I Think before you get there if if you look at the evidence on the record submitted by the defendant as to why Deputy chief selected Milango It's it's a one paragraph Basically, it says he was the better candidate. It gives no reason Excuse me, your honor. I said we know this process is subjective Yes, and the case relied on by Judge Hall Regarding the selection and the justification does state and that's the case of Blanco versus Brogan The crux of the plaintiff's pretext argument is that the department's preferred reasons for why she was not promoted were derived from wholly subjective standards for judging employee performance for purposes of promotion Plaintiff is correct that an employer may not wholly use wholly subjective and Unarticulated standards to judge employee performance for purposes of promotion That's true But here there were some standards that each of the candidates had a score a certain amount of the test and they submitted their educational Attainments and their work on the police force the case goes on to say that As long as an employer's explanation offered in clear and specific terms We don't have that in this case your honor So you think that the police commission Yes, the police commission in making the final appointment But I believe it goes down to the deputy chief And he was Supervisors, so if that was his bona fide reason for choosing it that he observed his leadership skills and that he had been serving in A position where he was the de facto supervisor. Would that be a Non-discriminatory reason for choosing? No, I don't believe so. It would not be why not? because if a jury could view that as being a After-the-fact Justification for this discriminatory But the chief testified Specifically testified as his deposition that Martinez was as qualified as Melanda So he's as qualified that But that that doesn't get you where you need to be for pretext. That's that's step one though your honor That you get get to that if they had gone just on the scores alone your guy doesn't get the job But your honor the Stanford charter doesn't Recognize scores alone. Well, I understand that's not what I said I said if they'd gone on the scores alone, your guy doesn't get the job. And so you have You you you may have generalized reasons the guy Malinga's better going to be a better supervisor, etc, etc, but you do have resumes and For you to get the benefit of pretext one has to be able to look at these resumes and say this is absolutely clear Martinez was the only guy was qualified, but it's not just on the basis of Qualifications your honor. It's a tough standard But he has to he has to establish that he was qualified to be appointed first and then The reasons advanced for not selecting him in your in your view Looking at the qualifications of these individuals or test scores and backgrounds and everything you're saying that no reasonable juror could conclude that either Malinga or Comstock was equally qualified as Martinez Yes, your honor. Okay, I said based upon Council, do you know what the? Non-white population of the city of Stanford is do you know what percentage of the of the non-white? It's about 51 52 percent Excuse me I Have a view of the census your honor that has the White population being 46 percent. So everyone else is 54 percent your honor, this is Based upon the United States census and what percentage of sergeants are Non-white What percentage of sergeants are non-white? I could tell you that there is presently Three sergeants who are so Hispanic out of how many? How many sergeants are there? I would imagine there. I don't have I don't have the exact number your honor But at the time Martinez was denied a promotion. There was one Hispanic sergeant Two were appointed after this litigation from another list Which would not be relevant in my viewpoint to this case Thank You may please the court, I'm Jonathan Sterling for the Pele City of Stanford as your your honors have noted this case at its core and as Council has acknowledged is about the strength of plaintiffs relative qualifications and his belief Did you you heard my series of questions? How many sergeants are there all together in on the Stanford Police? Your honor, I don't know the answer to that question and that that is not evidence in the record Why doesn't anyone know? Since the state of Connecticut has urged every Unit of government to promote Should ask your guidelines Promoting achieving the goal of racial gender and ethnic diversity within the each law enforcement unit Well in order to do that, you have to know percentages, don't you? Certainly folks at the city of Stanford have that information who are responsible for making those decisions I just don't have it and it has not been introduced in the record in this case Thank you Yes Correct honor your honor under a Connecticut general statute 7-291 a there are believe three different options and enumerated as possibilities that the Municipality may undertake to enhance the diversity of the district court Section 7-291 B Which says at the very least that each law enforcement unit shall develop and implement guidelines for effectuating the statutes Yes, there's evidence in the record that after the The promotions that issue guidelines were implemented at the time. There's no evidence in the record that guidelines were in place But the statute is not specific at all as to what those guidelines might be for example, it could be Implementing a mentorship program. It could be additional assistance Those could be the guidelines and the key word is guidelines. It doesn't compel any sort of affirmative action It doesn't compel that if candidates are equally qualified that the minority candidate be promoted anything like that. That's correct Your honor and I think that's particularly relevant here when we're talking about the pretext analysis I think it's helpful to look at the decision of the Supreme Court and Reeves versus Sanderson plumbing 530 us 133 and In that case the court reminded us that When evaluating pretext the district court has to look at the entire record and determine whether or not The plaintiff has met his or her ultimate burden of establishing Evidence of intentional discrimination and it's a case-by-case basis and there's three factors The first is the court has to look at the strength of the plaintiff's prima facie a case here We've already discussed this when it when attorney Busey conceded that the sole basis of the challenge here is the strength of qualifications and even in the brief we The claim that sergeant Comstock was more qualified it has apparently not been pursued here There's language in the brief that sergeant Malanga was quote equally qualified with plaintiff There's not even a claim that plaintiff was more qualified than Malanga so the strength of the prima facie case simply seems to be that The successful candidates were white and the plaintiff was Hispanic. So it's a weak prima facie case But he meets the test of a prima facie case Correct. We've conceded that absolutely. Absolutely. The second prong under Reeves is the probative value of to the employers non-discriminatory reason of the alleged pretextual evidence and here we're talking about Section 7-291 B which calls for some guidelines to be implemented That had nothing to do with a promotional process at issue here Didn't the district court initially feel that the city's failure to adopt any policy regarding the promotion of minority officers as required he said By 7-291 B could lead a reasonable juror to a finding of pretext Yes, that is language from the opinion your honor But then the court goes on to say that the issue there is not sufficient evidence of pretext to withstand summary judgment here Citing the cases of Reeves citing the case of Schnabel versus Abramson from the Second Circuit Is that conclusory? Is that not sufficient to show a non-discriminatory reason? I Believe that it is sufficient to show a non-discriminatory reason and your honor had read I believe the full text of the district courts finding so it wasn't just Chief Matheny saying this candidate is more qualified. He based his recommendation on years of observing Sergeant Malanga and knowledge of his leadership through that process and he believed that that that those skills would put him in the best Position to lead immediately and that sergeant Malanga had already been serving as a de facto supervisor So leadership and supervision are the key attributes of someone who's going to be in the position of sergeant They are they are hard to quantify they are somewhat subjective obviously So, you know to to the extent that any of these recommendations are going to be on personal observation, they're going to be Somewhat subjective but as your honor pointed out, we also have the scores We also have objective evidence from the resumes where Comstock and Malanga had college degrees Whereas the plaintiff didn't their substantial experience on the part of Malanga and Comstock in a variety of undertakings including Mr. Malanga was a field training officer a very important role with the department that sergeant that officer Martinez did not undertake So I think based on all of those things that there's there's really no question that that a Reasonable person would have difficulty or would find it impossible to find officer Martinez qualifications were so superior to support of finding a pretext in this case I didn't want to touch on also the third prong under there the Reeves case when evaluating the issue of pretext and the the Reeves court said that the court should also look to any other evidence that supports the employers case and here we have sergeant Barquero Hispanic who was appointed to sergeant just in the September before these January or February decisions and We have two Hispanic officers who were subsequently promoted. We have a Hispanic member of the Police Commission one of the four on the Commission Mr. Figueroa, not the two who made the recommendation Correct. Neither of them are Hispanic. That's that's right, Your Honor, but one of them Assistant Chief Wanamon was good personal friends with officer Martinez not as a Friend actually, I'm sorry, some of his best friends actually Yeah, right. I know I've heard that. Yeah, and and Plaintiff testified that he had a a good relationship with Chief Fontenot There is no evidence of any discriminatory comments or anything like that. It's it's it's there's there's just There's no admissible evidence The showing has to be based on qualifications that no reasonable person could have determined that the person chosen Right, that's how we get to that standard. Absolutely, Your Honor. So it's not that you're saying just because they have a particular ethnicity There's no way they could have discriminated. You're just saying there's no direct evidence of discrimination in this record. That's right and this court has has under the the Bernie versus Cromwell Board of Ed case made it such a difficult showing for a plaintiff that based on qualifications summary judgment was entirely appropriate and Asked about the district court's observation This report thought that the city had bent the rules in favor of Martinez by meeting him Even though he wasn't eligible, but that seems not to be correct, right? I Would say your honor that the just that the city of Stanford Could have potentially exercised its discretion to exclude officer Martinez from consideration for the first Opening that mr. Comstock was awarded because you know, they're there one reading of the regulations would have made Only the the top right if they were choosing Comstock if they were to making the two appointments Seriato right they would do the first one and they'd have the top five right Martinez would not be included and if they did the Second one and assuming they picked somebody from the first five that person's all over the list Martinez then would have been fifth right for the second appointment, right? So that means that he was eligible to be appointed Correct your honor. Oh, I don't know. I guess you're saying maybe when they do two at a time They might be required to only put the top five. Is that possible? Our position has always been that he was eligible however, there is a reading of the regulation that would have potentially disqualified him under the scenario you just cited and the fact that the I see that Absolutely not this this was a footnote. It was an afterthought. It was preceded by the word moreover There's substantial evidence in in the or lack of evidence in the record that supports the grant of summary judgment So in my mind, it's completely material When the With the deputy chiefs or any of the deputy chiefs Hispanic You said there was at least one or two deputy chiefs. No, I'm not aware of any Hispanic deputy chiefs at the department Oh, there weren't I thought you said that there were So it was always the same group of deputy chiefs Yes, one of the four so the decision is made by the Police Commission and at this meeting there were that's okay There were four police commissioners one of whom was Hispanic He's one of the four decision-makers so he he votes But they were unanimous in this in their decision here and he agreed with all four commissioners to promote Comstock and Malanga Are there any deputy chiefs who are Hispanic? Not to my knowledge? Okay, thank you I Just like to point to a 336 which is the declaration of James Mahaney and if you compare that to the Case that the judge relied on in Claiming that Subjective decision-making is appropriate in circumstance certain certain cases the particularization the particular is given in the case of Blanco versus Brogan are much more detailed than deputy chiefs Mahaney's reasons for selecting the officer Mahaney are the officer Right, yes When the commissioners were deposed they couldn't Articulate a reason that they selected Malanga other than the chief's recommendations and the chief's recommendation was Your honor Martinez was assigned to the DEA task force You saying that there's no objective reason So I just read to you from paragraph the last sentence of the fourth paragraph of the affidavit at 8336 Yes, your honor. Yes, he's already been serving as a de facto supervisor. That's not a legitimate or an objective reason I don't believe so your honor. I don't believe so. Is it a fact? Was it a fact? Yes, your honor. Okay But what's the definition of de facto supervisor is if we talk about Yes, your honor Your honor the statutes in question Would give a reason for finding that the city of Stanford Circumvented these statutes so it would not have to avoid appointing Martinez those statutes Well, those statutes are mandatory your honor I understand but the statute 7 7-291 a Those states that the unit shall make efforts shall not may shall make efforts to recruit retain and promote minority police officers Stanford did none of that If they had done But if your honor The evidence is they didn't do anything in compliance with 7291 a I understand that has to do with initial appointments They have to come up with guidelines for promotions as well Which the testimony is clear they never did So why wouldn't a jury be able to ask why didn't you do this? Is it because and is that the reason that out of 280 membered police department? you only have one Hispanic above the rank of police officer That's the intent of the statute to bring diversity Into police departments that serve communities that have large minority populations Stanford was deficient in that and what efforts did they make in this to follow these statutes? They took no efforts. No affirmative action Only after this suit was brought did Chief Wenerman state well, I've adopted a policy and That was in April of 2019 after this selection was made and after they these requirements were imposed on them to be affected by 2016 that's evidence of Discrimination The The supposed new policy of the Stanford Police Department She's one of them testified it was adopted in April 2019 the police commissioners testified. We don't know anything about a policy that's been adopted even in 2019 as we said do you agree with what the opposing counsel was saying that The form of the guidelines is not spelled out in statute So if they have some kind of a random about doing outreach activities that could be the yes They didn't have They don't have Undisputably within two years of the statute. They had such guidelines I'm not saying indisputably because the two police commissioners testified. They had no knowledge of Cases submitted You